ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ORLANDO MARTELL RODRÍGUEZ, ANA ROSARIO ROBLES; FRANCHESKA MARTELL ROSARIO; ZULEIKA MARTELL ROSARIO<br><br>Recurridos<br><br>v.<br><br>ADMINISTRACIÓN DE SERVICIOS MÉDICOS DE PUERTO RICO (ASEM); CORPORACIÓN C; ESTADO LIBRE ASOCIADO DE PUERTO RICO; DEPARTAMENTO DE SALUD; HOSPITAL UNIVERSITARIO PARA ADULTOS; DR. JOSÉ MONTAÑEZ HUERTAS Y LA SOCIEDAD DE GANANCIALES COMPUESTA CON SU CÓNYUGE SUTANA DE TAL; TRIPLE S PROPIEDAD, INC.; PUERTO RICO MEDICAL DEFENSE INSURANCE COMPANY; SINDICATO DE ASEGURADORES PARA LA SUSCRIPCIÓN CONJUNTA DE SEGURO DE RESPONSABILIDAD PROFESIONAL MÉDICO-HOSPITALARIA (SIMED); COMPAÑÍAS DE SEGUROS A, B Y C; PERSONAS DESCONOCIDAS X, Y y Z<br><br>Peticionarios | TA2025CE00286 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV11298<br><br>Sobre: Daños y Perjuicios (Impericia Médica) |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de octubre de 2025.

Compareció el peticionario, el Dr. José Montañez Huertas (en adelante, "peticionario" o "doctor Montañez Huertas"), mediante recurso de *Certiorari* presentado el 13 de agosto de 2025. Nos solicitó la revisión de la *Orden,* emitida y notificada el 11 de junio de 2025,

por el Tribunal de Primera Instancia, Sala Superior de San Juan, así como de la *Resolución,* emitida y notificada el 15 de julio de 2025, por dicho Foro. Mediante estas, el Foro Primario pospuso la adjudicación de la solicitud de sentencia sumaria presentada por el peticionario, concediéndole a los recurridos un término para llevar a cabo el descubrimiento de prueba.

Por los fundamentos que expondremos a continuación, **se deniega la expedición** del auto de *Certiorari.*

**-I-**

El 9 de diciembre de 2024 los recurridos, Sr. Orlando Martell Rodríguez (en adelante, señor "Martell Rodríguez"), su pareja Ana Rosario Robles, y sus dos hijas mayores de edad, Francheska Martell Rosario y Zuleika Martell Rosario, (en adelante y en conjunto, "recurridos") presentaron una *Demanda* por impericia médica, daños y perjuicios, y negligencia hospitalaria, en contra de la Administración de Servicios Médicos de Puerto Rico, la Corporación C, el Estado Libre Asociado de Puerto Rico, el Departamento de Salud, el Hospital Universitario de Adultos, Triple-S Propiedad, Inc., Puerto Rico Medical Defense Insurance Company, el Sindicato de Aseguradores para la Suscripción Conjunta de Seguro de Responsabilidad Profesional Médico-Hospitalaria, y el doctor Montañez Huertas.[1] En lo pertinente a lo que nos ocupa, los recurridos alegaron que, el 15 de agosto de 2022, el señor Martell Rodríguez padecía de un dolor en la espalda baja y en la pierna izquierda, por lo que fue sometido a una cirugía bajo anestesia general, por el doctor Montañez Huertas, en el Hospital Universitario para Adultos. Estos plantearon que, durante la operación, el doctor Montañez Huertas le colocó negligentemente al señor Martell Rodríguez unos tornillos para conectar una placa a la columna

---

[1] Apéndice del peticionario, Entrada Núm. 1.

vertebral, por lo que este tuvo que ser sometido a una segunda cirugía. Arguyeron que, durante esta segunda intervención, el doctor Montañez Huertas dejó caer una placa en su cavidad torácica, lo cual resultó en una tercera cirugía que fue realizada por otro cirujano especialista.

En el pliego, los recurridos alegaron que como consecuencia de los actos y omisiones negligentes del doctor Montañez Huertas, el señor Martell Rodríguez se vio impedido de trabajar como mesero, por lo que dejó de generar ingresos a razón de dos mil dólares ($2,000.00) mensuales. Plantearon que el doctor Montañez Huertas se alejó de la mejor práctica médica, causándole daños al señor Martell Rodríguez valorados en al menos quinientos mil dólares ($500,000.00). Además, reclamaron diez mil dólares ($10,000.00) por concepto de los daños económicos, producto de los gastos médicos, así como el lucro cesante ascendente a doscientos cuarenta mil dólares ($240,000.00). Además, solicitaron ciento cincuenta mil dólares ($150,000.00) por concepto de los daños emocionales y angustias mentales sufridos por Ana Rosario Robles, al igual que por sus hijas, Francheska Martell Rosario y Zuleika Martell Rosario.

Tras varios asuntos procesales impertinentes a lo que nos ocupa, el 27 de mayo de 2025, el doctor Montañez Huertas presentó una *Moción en Solicitud de Sentencia Sumaria.*[2] En síntesis, arguyó que su intervención con el señor Martell Rodríguez en el Hospital Universitario de Adultos fue en el desempeño de su profesión como facultativo y Catedrático Auxiliar del Departamento de Cirugía-Ortopedia de la Escuela de Medicina del Recinto de Ciencias Médicas de la Universidad de Puerto Rico. A los fines de evidenciar los empleos mencionados, anejó una *Certificación* para demostrar su

---

[2] *Íd.*, Entrada Núm. 51.

puesto como Catedrático Auxiliar, al igual que una *Certificación de Empleo* para la posición de facultativo en la referida institución.[3] En virtud de ello, alegó que tenía inmunidad total y absoluta al amparo del Artículo 41.050 del Código de Seguros de Puerto Rico, 26 LPRA sec. 4105, por lo que solicitó la desestimación con perjuicio de la reclamación en su contra.

Posteriormente, el 11 de junio de 2025, los recurridos presentaron una *Solicitud para que se posponga la Adjudicación de los Escritos Registrados [...]*.[4] Mediante esta, solicitaron que se pospusiera la adjudicación de la solicitud de sentencia sumaria presentada por el peticionario, hasta que se concluyera el descubrimiento de prueba. Alegaron que, en esta etapa de los procedimientos, era prematuro afirmar que el doctor Montañez Huertas tenía inmunidad frente a las alegaciones en su contra, pues era necesario llevar a cabo el descubrimiento de prueba correspondiente para determinar la aplicación del Artículo 41.050 del Código de Seguros, *supra*. Ese mismo día, el Tribunal de Primera Instancia emitió una *Orden* concediendo la petición de los recurridos, e indicó que la solicitud presentada por el doctor Montañez Huertas sería atendida cuando se culminara el descubrimiento de prueba.[5]

En desacuerdo, el 26 de junio de 2025, el doctor Montañez Huertas presentó una *Solicitud de Reconsideración en torno a la Orden del 11 de junio de 2025 [...]*, mediante la cual reiteró sus argumentos previos.[6] El 15 de julio de 2025, el Foro Primario emitió una *Resolución*, mediante la cual declaró *No Ha Lugar* a la solicitud de reconsideración.[7] No obstante, le concedió un término de sesenta (60) días a los recurridos para llevar a cabo el descubrimiento de

---

[3] *Íd.*, Entrada Núm. 51, Anejos 1 y 2.
[4] *Íd.*, Entrada Núm. 59.
[5] *Íd.*, Entrada Núm. 60.
[6] *Íd.*, Entrada Núm. 61.
[7] *Íd.*, Entrada Núm. 64.

prueba que entendieran necesario para oponerse a la referida petición de sentencia sumaria.

Inconforme, el 13 de agosto de 2025, el peticionario acudió ante este Tribunal mediante el recurso de epígrafe. En el mismo, señala la comisión de los siguientes errores:'

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE SENTENCIA SUMARIA PRESENTADA POR EL DR. MONTAÑEZ HUERTAS, A PESAR DE QUE EL RÉCORD CONTENÍA PRUEBA DOCUMENTAL INCONTROVERTIDA QUE ACREDITABA SU INMUNIDAD ABSOLUTA BAJO EL ARTÍCULO 41.050 DEL CÓDIGO DE SEGUROS DE PUERTO RICO, 26 L.P.R.A. SEC. 4105. TAL DETERMINACIÓN CONSTITUYÓ UN ERROR DE DERECHO Y UN ABUSO DE DISCRECIÓN.

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL POSPONER LA ADJUDICACIÓN DE LA SOLICITUD DE SENTENCIA SUMARIA, PERMITIENDO DESCUBRIMIENTO DE PRUEBA IRRELEVANTE SOBRE UNA CONTROVERSIA PURAMENTE DE DERECHO, EN ABIERTA CONTRAVENCIÓN CON LA LETRA Y PROPÓSITO DEL ARTÍCULO 41.050 Y CON LA JURISPRUDENCIA APLICABLE. ESTA DETERMINACIÓN VACIÓ DE CONTENIDO LA PROTECCIÓN LEGISLATIVA Y CONSTITUYÓ UN ABUSO DE DISCRECIÓN.

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR QUE EL DR. MONTAÑEZ PERMANEZCA EN EL PLEITO COMO PARTE DEMANDADA Y SEA SOMETIDO A UN DESCUBRIMIENTO DE PRUEBA "AMPLIO", IMPONIÉNDOLE CARGAS PROCESALES Y ECONÓMICAS QUE LA LEY EXPRESAMENTE PRETENDE EVITAR, LO QUE CONSTITUYÓ UN ABUSO DE DISCRECIÓN Y UNA ACTUACIÓN CONTRARIA A DERECHO.

Por su parte, el 14 de septiembre de 2025, los recurridos presentaron su *Oposición a Expedición de Certiorari*. Arguyeron que el dictamen recurrido no constituía una denegación de la petición de sentencia sumaria, sino que se trataba de la posposición de su adjudicación hasta que se completara el descubrimiento de prueba, conforme a lo esbozado en la Regla 36.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.6.

Con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Certiorari**

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez,* supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 42,

págs. 59-60, 215 DPR ___ (2025). La referida Regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, a saber:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una

adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

En lo que respecta al caso de marras, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. Dado a eso, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I*, 159 DPR 141, 150 (2003). En consonancia con ello, nuestro más Alto Foro ha expresado en *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto".

**-III-**

En el presente caso, el peticionario alegó que el Tribunal de Primera Instancia erró al denegar su petición de sentencia sumaria, a pesar de que presentó prueba que evidenciaba su inmunidad al amparo del Artículo 41.050 del Código de Seguros, *supra*. Igualmente, adujo que el Foro Primario abusó de su discreción al posponer la adjudicación de dicha solicitud y permitir que se llevara a cabo el descubrimiento de prueba.

Al examinar el dictamen recurrido, concluimos que el mismo no se encuentra dentro de las instancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra*, para que esta Curia pueda intervenir sobre el recurso de epígrafe. De los autos, surge claramente que el Foro de Instancia no denegó la solicitud de

sentencia sumaria presentada por el peticionario, sino que meramente pospuso su adjudicación hasta que la culminación del descubrimiento de prueba limitado. De hecho, el Tribunal de Primera Instancia impuso un término de sesenta (60) días para permitir el descubrimiento de prueba dirigido a que los recurridos puedan instar su correspondiente oposición a la moción de sentencia sumaria, de manera que el Foro Primario esté en posición de adjudicarla eventualmente.

Colegimos que este dictamen no constituye un fracaso a la justicia que amerite nuestra intromisión. Al obrar de esta forma, el Foro Primario actuó dentro del ámbito de la discreción que le confiere nuestro ordenamiento jurídico. Finalmente, colegimos que no se configura ninguna de las situaciones esbozadas en la Regla 40 de nuestro Reglamento, *supra*, que justifican la expedición del recurso de epígrafe. A esos efectos, justipreciamos que no se reúnen los criterios necesarios para que ejerzamos nuestra facultad revisora, por lo que denegamos expedir el auto solicitado.

-**IV**-

Por los fundamentos previamente expuestos, **se deniega expedir** el auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones